# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **JANET COLVERT, et al.,** ] | |
| ] | |
| **Plaintiff,** ] | |
| ] | |
| v. ] | **CIVIL ACTION NO.:** |
| ] | **2:06-CV-465-VEH** |
| **DOLGENCORP, INC., d/b/a** ] | |
| **Dollar General,** ] | |
| ] | |
| **Defendant.** ] | |

## MEMORANDUM OPINION

Pending before the court is Defendant Dolgencorp, Inc., d/b/a Dollar General's ("Dollar General") Motion for Summary Judgment on Untimely Claims Asserted by Named Plaintiffs (Doc. #47) filed on March 12, 2007, and Dollar General's Amended Motion for Summary Judgment on Untimely Claims Asserted by Named Plaintiffs (Doc. #63) filed on April 3, 2007.  In these related motions, Dollar General seeks an order (1) dismissing the Title VII claims brought by Plaintiffs Janet Colvert ("Colvert"), Beryl Dauzat ("Dauzat"), Cathy Thomas ("Thomas"), Pam Hall ("Hall"), Linda Lockhart ("Lockhart"), and Wanda Womack ("Womack"), and (2) dismissing the  Equal Pay Act ("EPA") claims brought by Plaintiffs Colvert, Dauzat, and Thomas all on the basis of untimeliness.  (Doc. #47 at 1; Doc. #63 at 1-2).  Relatedly,

the motions also seek to eliminate all claims asserted by Plaintiffs Colvert, Dauzat, and Thomas. (Doc. #47 at 1; Doc. #63 at 2).

Plaintiffs filed their response to Dollar General's motions on April 24, 2007. (Doc. #73). In their response, the only claim upon which Plaintiffs oppose the entry of summary judgment relates to Womack's Title VII claims. (Doc. #73 at 1). Plaintiffs expressly state that they do not oppose the entry of summary judgment as to all other claims. (Doc. #73 at 1 n.2 ("Dollar General had previously filed a Motion For Summary Judgment on the Title VII claims of Janet Colvert, Beryl Dauzat, Cathy Thomas, Pam Hall, and Linda Lockhart and the EPA claims of Colvert, Dauzat, and Thomas. (Doc. 47). The plaintiffs do not oppose that particular motion.")).

Plaintiffs' opposition to summary judgment which is limited in scope to Womack's Title VII claims amounts to an abandonment of the remaining claims at issue on summary judgment. *See, e.g.*, *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1322 (11th Cir. 2001) (finding claim abandoned when argument not presented in initial response to motion for summary judgment); *Bute v. Schuller International, Inc.,* 998 F. Supp. 1473, 1477 (N.D. Ga. 1998) (finding unaddressed claim abandoned); *see also Coalition for the Abolition of Marijuana Prohibition v. City of Atlanta*, 219 F.3d 1301, 1326 (11th Cir. 2000) (failure to brief and argue issue at the district court is sufficient to find the issue has been abandoned); *Resolution Trust*

*Corp. v. Dunmar Corp.,* 43 F.3d 587, 599 (11th Cir. 1995); *Hudson v. Norfolk Southern Ry. Co.,* 209 F. Supp. 2d 1301, 1324 (N.D. Ga. 2001); *cf. McMaster v. United States,* 177 F.3d 936, 940-41 (11th Cir. 1999) (claim may be considered abandoned when district court is presented with no argument concerning a claim included in the plaintiff's complaint); *Road Sprinkler Fitters Local Union No. 669 v. Independent Sprinkler Corp.,* 10 F.3d 1563, 1568 (11th Cir. 1994) (concluding that a district court "could properly treat as abandoned a claim alleged in the complaint but not even raised as a ground for summary judgment").

Therefore, the court will enter an order consistent with this Memorandum Opinion and dismiss (1) the Title VII claims brought by Plaintiffs Colvert, Dauzat, Thomas, Hall, and Lockhart, and (2) the EPA claims brought by Plaintiffs Colvert, Dauzat, and Thomas on the grounds of untimeliness. As a result, Plaintiffs Colvert, Dauzat, and Thomas will no longer be parties to this action.

**DONE** and **ORDERED** this 3rd day of May, 2007.

*/s/ Hopkins*
**VIRGINIA EMERSON HOPKINS**
United States District Judge