# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **WANDA WOMACK, et al.,** | ] | |
| | ] | |
| **Plaintiffs,** | ] | |
| | ] | |
| **v.** | ] | **CIVIL ACTION NO.:** |
| | ] | **2:06-CV-465-VEH** |
| **DOLGENCORP, INC., d/b/a** | ] | |
| **Dollar General, et al.,** | ] | |
| | ] | |
| **Defendants.** | ] | |

## MEMORANDUM OPINION AND ORDER

## I.    INTRODUCTION

Plaintiffs bring this gender discrimination and Equal Pay Act case against Defendant Dolgencorp, Inc. and other Dollar General entities (collectively "Dollar General").  The pending motion is:  Plaintiffs' Motion to Reconsider Order Striking Disparate Impact Claims (Doc. #131) (the "Motion") filed on January 31, 2008.  The order striking Plaintiffs' disparate impact claims (Doc. #125) was entered on January 10, 2008.  As analyzed below, the Motion is due to be and is **HEREBY GRANTED**.

## II.    PROCEDURAL HISTORY

The order striking Plaintiffs' disparate impact claims treated Defendant's opposition to Plaintiffs' Motion to Amend (Doc. #124), entered on January 7, 2008,

as a motion to strike.  The order also stated that the disparate impact claims were newly added.  In fact, earlier in the case, Plaintiffs' first amended complaint expressly included the disparate impact theory.  *See* Doc. #3 ¶ 17 ("Such practices have caused both disparate impact and disparate treatment on the basis of sex in violation of Title VII of the Civil Rights Act and the Equal Pay Act.").  Plaintiffs indicate in their Motion that a proposed second amended complaint, that was never filed in, inadvertently failed to include disparate impact.  Doc. #131 n.3.  The version of Plaintiffs' second amended complaint that was eventually filed in does contain disparate impact allegations.  (Doc. #116 ¶ 38).

Despite the requirements of Exhibit B (Doc. #104) entered on August 28, 2007, Dollar General has never filed a response to this Motion.  Exhibit B expressly states that "[a]ny non-summary judgment motions filed after the entry of this order **SHALL** comply with the provisions of Exhibit B without further order from the court." (Doc. #104 at 1).  Exhibit B gives a non-moving party eleven (11) days to oppose a non-summary judgment  motion.

Therefore, the Motion is under submission without any opposition  by Dollar General, and the court is not obligated to anticipate arguments that Dollar General would have made had it filed an opposition.  As Judge Steele of the Southern District of Alabama has recognized whenever a nonmovant provides either no or

2

alternatively, an inadequately developed written response:

> Courts are not obligated to read a party's mind or to construct arguments that it has failed to raise and that are not reasonably presented in the court file. *See Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) ( "There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it . . . ."); *see also Higgins v. New Balance Athletic Shoe, Inc.*, 194 F.3d 252, 260 (1st Cir. 1999) (declaring that a "party who aspires to oppose a . . . motion must spell out his arguments squarely and distinctly, or else forever hold his peace," as district court may ignore arguments not adequately developed by nonmovant). Clearly, "the onus is upon the parties to formulate arguments." *Resolution Trust*, 43 F.3d at 599; *Bowden ex rel. Bowden v. Wal-Mart Stores, Inc.*, 124 F. Supp. 2d 1228, 1236 (M.D. Ala. 2000) ("It is not for the court to manufacture arguments on Plaintiff's behalf."). Accordingly, plaintiff's decision not to respond to the Motion is at her peril.

*Williams v. Quality Filters, Inc.*, No. 07-0015-WS-B, 2007 WL 4219201, *1 (S.D. Ala. Nov. 27, 2007).

## III.   ANALYSIS

### A.   Standard on Reconsideration

As a general rule, "[a] motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice." *Summit Medical Center of AL, Inc. v. Riley*, 284 F. Supp. 2d 1350, 1355 (M.D. Ala. 2003); *see also Rossi v. Troy State University*, 330 F. Supp. 2d 1240, 1249 (M.D. Ala.

2002) ("Additional facts and arguments that should have been raised in the first instance are not appropriate grounds for a motion for reconsideration."); *Lazo v. Washington Mutual Bank*, 2001 WL 577029, *1 (9th Cir. May 29, 2001) (motion to reconsider is properly denied when record shows that movant merely reiterates meritless arguments); *American Marietta Corp. v. Essroc Cement Corp.*, 2003 WL 463493, *3 (6th Cir. Feb. 19, 2003) (similar); *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) ("Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence.").

### B.    Application

At the time of the court's order entered on January 10, 2008, Plaintiffs had not substantively responded to Dollar General's futility argument on the disparate impact claims.  As stated above, Plaintiffs' first amended complaint, filed on March 7, 2006, does contain disparate impact allegations so they are not new to the case.  Therefore, Dollar General cannot show surprise or prejudice in letting Plaintiffs proceed with their disparate impact theory.  Also, the Rule 15 and futility analysis that supported the court's order striking disparate impact is not well-founded because the disparate impact claims were already part of the lawsuit.

Additionally, the cases cited by Plaintiffs in the Motion indicate that the

decision to strike the disparate impact claims was substantively wrong or at least procedurally premature. In particular, the Eleventh Circuit case primarily relied upon in the order, *Price v. M & H Valve Co.*, 177 Fed. Appx. 1, 14 (11th Cir. 2006) (recognizing that dismissal of disparate impact claim for failure to exhaust administrative remedies is appropriate when only intentional discrimination is alleged at EEOC level) is significantly distinguishable because the disparate impact promotion claim there was based upon new factual allegations and therefore did not grow out of the plaintiff's charge which "included that M & H Valve (1) denied him the opportunity to apply for a supervisory position because of his race by failing to advertise vacant supervisory positions and by promoting Caucasian employees, instead of more qualified African-American employees; and (2) subjected him and other African-American employees to harassment through racial slurs, jokes, and differences in treatment." Specifically, the Eleventh Circuit concluded that "Price's claim that M & H Valve's supervisory-training program had a disparate impact on its African-American employees did not 'amplify' or 'clarify' the previous allegations, nor did it 'grow out of the previous claims.'" *Id.*, 177 Fed. Appx. at 14.

As Plaintiffs point out, this is not necessarily the situation with respect to their pay discrimination claims, which at the EEOC level were neither expressly stated nor characterized as involving purely "intentional" or "unintentional" discrimination.

(Doc. #131 at 12-13).   Instead, the charges state in part that "[W]omen are discriminated against because of our sex concerning compensation, promotions and other terms and conditions of employment[.]" (Doc. #131 at 13).  This type of charge could be supported by either a disparate treatment or a disparate impact theory of discrimination.

Therefore, the situation here seems to be more analogous with the cases of *Griffin v. Carlin*, 755 F.2d 1516, 1522 (11th Cir. 1985) ("Griffin's administrative complaint charged racial discrimination in that 'qualified blacks were and are still being systematically excluded in training and development and opportunities for advancements.'  We hold that Griffin's complaint clearly challenged aspects of defendant's employment practices which would reasonably include testing.") and *Drayton v. Western Auto Supply Co.*, No. 01-10415, 2002 WL 32508918, at *3 (11th Cir. Mar. 11, 2002) (finding that disparate impact claim relating to termination grew out of EEOC complaints that "alleged discrimination in promotional and employment opportunities").

In light of the above, the disparate impact claims should probably survive any administrative exhaustion challenge, especially given the Eleventh Circuit's rule that "the scope of an EEOC complaint should not be strictly interpreted."  *Gregory v. Georgia Dept. of Human Resources*, 355 F.3d 1277, 1280 (11th Cir. 2004) (citation

6

omitted).  Regardless, from a procedural standpoint, the issue should be decided on a summary judgment record.[1]  The order granting the motion to strike on the basis of futility was not appropriate as the disparate impact allegations were already part of the lawsuit.

## IV.   CONCLUSION

Therefore based upon the above analysis, (1) Plaintiffs' Motion is **GRANTED**; (2) that portion of the court's order (Doc. #125) striking Plaintiffs' disparate impact allegations is **VACATED**; (3) Plaintiffs' disparate impact claims are **REINSTATED** as part of their amended complaint (Doc. #116); and (4) no later than February 29, 2008, Dollar General is **ORDERED** to file an amended answer that is responsive to all of Plaintiffs' allegations included in Doc. #116.

**DONE** and **ORDERED** this the 21st day of February, 2008.

**VIRGINIA EMERSON HOPKINS**
United States District Judge

---

[1]The court will revisit the scope of the EEOC complaint issue on summary judgment only if requested to do so at that time.